General Foods Corporation, Appellant, v. Beard's Erie Basin, Inc., Respondent.— Action to recover for damage to bags of cocoa beans, stored by plaintiff in defendant's warehouse, caused by water dripping from a leak in the roof of the warehouse and through ceilings into the floors below. Order of the

Appellate Term affirming a judgment of the Municipal Court for defendant, in accordance with the granting of a motion to dismiss the complaint at the close of the entire case, reversed on the law, judgment of the Municipal Court vacated, and a new trial ordered, with costs in this court and in the Appellate Term to appellant to abide the event. As the respondent concedes, the appellant made out a *prima facie* case by showing the delivery of the cocoa beans to the respondent and the damage thereto resulting from the leakage of water through the roof of respondent's warehouse. The burden of rebutting the presumption of negligence so created was then upon the respondent. Its proof of the exercise of due care by means of inspections was not so conclusive as to warrant dismissal of the complaint. An issue of fact for the jury was presented. The credibility of the testimony of respondent's employee as to inspection was for the jury. (*Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263, 267; *Reinzi* v. *Tilyou*, 252 id. 97, 100; *Kennedy* v. *McAllaster*, 31 App. Div. 453, 461, 462.) It was admitted that the hole in the roof was of a size approximately six by ten inches. The jury was called upon to determine whether or not such a hole could have resulted from the presence of snow and ice on the roof for a few days, if the roof had previously been in good condition or free from such defect as might have been discoverable by defendant in the exercise of due care. Nor is the showing by defendant conclusive even if it were to be accepted at face value. There is no proof of the nature and regularity of inspections. Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur; Carswell, J., not voting.