GRANT SCHIBILIA, Appellant, *v.* KIAMESHA CONCORD, INC., Respondent.

Third Department, June 21, 1962.

*Samuel Friedman* for appellant.

*Oppenheim & Oppenheim (Morris M. Oppenheim* of counsel), for respondent.

GIBSON, J. Appeal is taken by plaintiff (1) from an order of the County Court of Sullivan County which granted defendant's motion, made at the close of all the evidence, for judgment dismissing the complaint, and (2) from the judgment entered upon said order. The motion, upon which decision had been reserved (Civ. Prac. Act, § 457-a), was granted after a verdict had been returned in favor of the plaintiff for the amount of certain damage to the transmission system of his automobile.

The uncontradicted proof was that the automobile was in good condition when plaintiff, a guest at defendant's hotel, left it with the hotel doorman, who directed another employee to park it;

and that the damage complained of occurred before the automobile was returned to plaintiff from defendant's possession. The parties agree upon the basic proposition that plaintiff's proof of the bailment and of the return of the property in damaged condition created a prima facie case of negligence, shifting to defendant the burden of going forward with the proof and making explanation. (*Claflin* v. *Meyer*, 75 N. Y. 260.) Defendant attempted to meet its burden by production of the testimony of an employee that after he drove the car to the parking lot without incident it stalled and that when he started the motor there was a " clanking noise ", after which the car would not move in either gear. In granting defendant's motion, the trial court stated that " defendant offered an explanation * * * showing an absence of negligence, and, consequently, there was no prima facie evidence of negligence remaining " and that plaintiff had failed to produce any independent proof of negligence. The sufficiency of the evidence tendered by way of explanation was, however, for the jury to determine (*Ouderkirk* v. *Central Nat. Bank of Troy*, 119 N. Y. 263, 267–268, 273–274; *General Foods Corp.* v. *Beard's Erie Basin*, 263 App. Div. 894, 895) and it had the right to disbelieve the employee's testimony and hence to find that it constituted no explanation at all.

In addition, plaintiff's expert testified: " The front clutch was completely bent, fused, right together. The case was split, the front pump was split and the in-put shaft was twisted off." He said, further: " The only thing I would say that could cause a condition like that is misuse of the transmission, violent abuse. * * * Normal use would not create a condition like I found in that transmission." Defendant did not contradict this testimony with expert or other evidence.

The order and judgment should be reversed, on the law and the facts, and the verdict reinstated, with costs to appellant.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order and judgment reversed, on the law and the facts, and verdict reinstated, with costs to the appellant.